UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RELLIM CONTRACTING LLC,

    Plaintiff,

v.   Case No.: 2:25-cv-1042-SPC-NPM

KINSALE INSURANCE
COMPANY,

    Defendant.

## **OPINION AND ORDER**

Before the Court is Plaintiff Rellim Contracting LLC's motion to remand. (Doc. 18). Defendant Kinsale Insurance Company responded. (Doc. 23). For the reasons below, the Court denies Plaintiff's motion.

This is an insurance dispute. Defendant removed this case by invoking diversity jurisdiction. (Doc. 1). Federal courts have diversity jurisdiction over civil actions where there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). "A removing defendant bears the burden of proving proper federal jurisdiction." *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002). And "all doubts about jurisdiction should be resolved in favor of remand to state court." *Mack v. USAA Cas. Ins. Co.*, 994 F.3d 1353, 1359 (11th

Cir. 2021) (quoting *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999)).

Plaintiff moves to remand, arguing that Defendant failed to allege diversity of citizenship and that the amount in controversy requirement is not satisfied. The Court disagrees.

Plaintiff argues that the notice of removal fails to properly allege its citizenship. Because Plaintiff is a limited liability corporation, its citizenship is determined by "the citizenships of all [of its] members." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). Defendant alleges in its notice of removal that "[Plaintiff] has two members, Justin Miller and Serenity Miller, who, upon information and belief, were [at] all material times . . . citizens of Alabama." (Doc. 1 ¶ 9). Plaintiff argues that Defendant fails to sufficiently allege the domicile of Plaintiff's members and that the allegations are too "conclusory" to permit removal. (Doc. 18 at 4–5). Plaintiff's argument misses the mark.

"Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction." *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013) (quoting *McCormick v. Aderholt,* 293 F.3d 1254, 1257 (11th Cir. 2002)). Defendant explicitly alleges Plaintiff is an LLC and "list[s] the citizenships of

all the members of [the] entity."[1] *First Home Bank v. Net Zero LLC*, No. 3:20-CV-150-J-34MCR, 2020 WL 802518, at *2 (M.D. Fla. Feb. 18, 2020) (citing *Rolling Greens*, 374 F.3d at 1022). Defendant also attached to its response a copy of Plaintiff's 2025 LLC corporate report filed with the Florida Secretary of State. (Doc. 23-1). The report lists the names of and an Alabama address for Plaintiff's alleged members. (*Id.* at 2). Defendant properly alleges Plaintiff's citizenship.

Plaintiff argues in passing that Defendant's citizenship is also improperly alleged. This argument fails as well. A corporation—like Defendant—is a citizen of both its place of incorporation and its principal place of business. See Molinos Valle Del Cibao, C. por A. v. Lama, 633 F.3d 1330, 1346 (11th Cir. 2011) (citing 28 U.S.C. § 1332(c)(1)). Defendant alleges that it "is an Arkansas corporation with its principal place of business in Richmond, Virginia" and accordingly is "a citizen of Arkansas and Virginia" (Doc. 1 ¶ 8). Although Plaintiff complains that these allegations are unsupported, it provides no authority requiring additional supporting information. Nor does

---

[1] Plaintiff's principal case on this point relies on *White v. Impac Funding Corp.*, No. 6:10-CV-1780-ORL-28, 2011 WL 836947 (M.D. Fla. Feb. 15, 2011), *report and recommendation adopted*, No., 2011 WL 861172 (Mar. 9, 2011). That case is distinguishable; the complaint in *White* failed to invoke jurisdiction under the Class Action Fairness Act because the amount in controversy was alleged as "exceed[ing] $15,000" and the number of class members was "vaguely" plead as "hundreds . . . based on information and belief." *Id.* at *3. Here, Defendant provides more specific allegations of citizenship and supporting documentation, so this argument fails.

Plaintiff offer facts that call Defendant's citizenship into question. The Court finds that Defendant properly alleges complete diversity between the parties.

Now, the amount in controversy. The removing party need not "prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza II*, 608 F.3d 744, 754 (11th Cir. 2010). Ultimately, the question is whether the notice of removal establishes, by "a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional minimum." *S. Fla. Wellness, Inc. v. Allstate Ins.*, 745 F.3d 1312, 1315 (11th Cir. 2014) (citation omitted). The Court may make "reasonable inferences and deductions" when assessing whether a notice of removal satisfies that standard. Id.

In its notice of removal, Defendant cites a "report of claimed expenses presented by [Plaintiff] to [Defendant] on March 31, 2025 [totaling] $189,300.48." (Doc. 1 ¶ 10). Defendant also points to Plaintiff's Initial Disclosures under Federal Rule of Civil Procedure 26(a)(1), in which it claims to compute $360,369.98 in damages. *See Tillett v. BJ's Wholesale Club, Inc.*, No. 3:09-CV-1095-J-34MCR, 2010 WL 11507321, at *3 (M.D. Fla. July 19, 2010) (considering Rule 26(a)(1) disclosures in denying remand).

Plaintiff's arguments regarding the amount in controversy are unavailing. Plaintiff asserts that the March 31, 2025, letter and invoices are not a demand. Yet Plaintiff does not dispute that coverage for those expenses

4

is sought in this case and does not argue that the damages calculation in its Rule 26(a)(1) disclosures is inaccurate. Even if those numbers are not exact, Plaintiff offers no basis to dispute that the damages in this case exceed $75,000. See S. Fla. Wellness, 745 F.3d at 1317 ("Estimating the amount in controversy is not nuclear science; it does not demand decimal-point precision."). The Court finds Defendant's notice of removal satisfies the amount in controversy requirement.

Plaintiff argues it is entitled to attorney's fees and costs under 28 U.S.C. §1447(c). Courts may award attorney's fees under § 1447(c) when ordering remand "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). Because the Court finds Defendant properly removed this case, Plaintiff's request for attorney's fees is denied.

Defendant also requests attorney's fees, asserting that the Motion to Remand was meritless, but cites no authority in support. The Court denies the request.

Accordingly, it is now

**ORDERED:**

Plaintiffs' Motion to Remand (Doc. 18) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on January 16, 2025.

*[Signature]*

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record