UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RELLIM CONTRACTING LLC,

      Plaintiff/Counterclaim
      Defendant,

v.                               Case No.:  2:25-cv-1042-SPC-NPM

KINSALE INSURANCE
COMPANY,

      Defendant/Counterclaim
      Plaintiff.

_____

RELLIM CONTRACTING, LLC,

      Third-Party Plaintiff,

v.

MOVICONTRACTORS, LLC

      Third-Party Defendant.

_____

**OPINION AND ORDER**

    This matter comes before the Court on sua sponte review of the file.

Before the Court is Plaintiff/Third-Party Plaintiff Rellim Contracting LLC's

("Rellim") third-party complaint against Third-Party Defendant

Movicontractors, LLC ("Movicontractors"). (Doc. 33). For the below reasons,

Rellim's third-party complaint is dismissed without prejudice for failing to properly allege federal subject matter jurisdiction.

Defendant/Counterclaim Plaintiff Kinsale Insurance Company ("Kinsale") removed this case by invoking diversity jurisdiction.[1]  (Doc. 1). Federal courts have diversity jurisdiction over civil actions where there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.  *See* 28 U.S.C. § 1332(a).  Because federal courts have limited jurisdiction, they are "obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking."  *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

Rellim brings a third-party complaint against Movicontractors pursuant to Federal Rule of Civil Procedure 14.[2]  Rellim alleges that diversity jurisdiction as well as supplemental jurisdiction under 28 U.S.C. § 1367 exists for its third-party claim.[3]  (Doc. 33 ¶¶ 1, 2).  Rellim further alleges it "is a Florida limited liability company engaged in contracting services" and "Movicontractors is a Florida limited liability company that served as a

---

[1] The Court denied a motion by Rellim to remand this case.  (Doc. 28).

[2] Kinsale brings a counterclaim against Rellim (Doc. 13 ¶¶ 28–32), so Rellim's third-party action is proper.  *See* Fed. R. Civ. Proc. 14(b) ("When a claim is asserted against a plaintiff, the plaintiff may bring in a third party if this rule would allow a defendant to do so.").

[3] Rellim alleges counts for breach of contract, contractual indemnity, and negligence against Movicontractors.  (Doc. 33 ¶¶ 13–24).

subcontractor to Rellim for roofing operations at the subject project." (*Id.* ¶¶ 4, 5). These allegations are insufficient to allege federal subject matter jurisdiction exists.

Rellim fails to allege diversity of citizenship exists. Both Rellim and Movicontractors are limited liability companies, so their citizenship is determined by the citizenship of their respective members. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). Yet Rellim alleges neither the citizenship nor the identity of its members, or the members of Movicontractors. Without this information, the Court cannot determine whether the parties are diverse from each other. So Rellim does not allege diversity jurisdiction correctly.

Rellim may not skirt the jurisdictional requirements of the diversity statute by invoking supplemental jurisdiction. The supplemental jurisdiction statute "provides an exception to the grant of supplemental jurisdiction in . . . cases where the jurisdiction-invoking claim is based on diversity of citizenship." *Buckles v. Focus on Innovation, Inc.*, No. 6:13-CV-1198-ORL-36, 2014 WL 982841, at *3 n.3 (M.D. Fla. Mar. 6, 2014). The statute provides:

> In any civil action of which the district courts have original jurisdiction founded solely on section 1332 . . . [they] shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14 . . . when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.

28 U.S.C. § 1367(b).

Jurisdiction here is "founded solely on" diversity under 28 U.S.C. § 1332. *Id.* As Rellim is the original plaintiff in this action, section 1367(b) applies. *See PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1311 (11th Cir. 2016) (noting "[section] 1367(b) refers to claims by only the original plaintiffs to the action"). Therefore Rellim must properly allege complete diversity of citizenship exists between itself and Movicontractors for supplemental jurisdiction to exist as to the third-party claims. Because it does not, the Court dismisses the third-party complaint without prejudice.

Accordingly, it is now

**ORDERED:**

Plaintiff/Third-Party Plaintiff Rellim Contracting LLC's Third-Party Complaint (Doc. 33) is **DISMISSED without prejudice**.

**DONE** and **ORDERED** in Fort Myers, Florida on March 2, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record