UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RELLIM CONTRACTING LLC,

     Plaintiff/Counter-Defendant,

v.

KINSALE INSURANCE
COMPANY,

     Defendant/Counter-Plaintiff.

Case No.:  2:25-cv-1042-SPC-NPM

RELLIM CONTRACTING LLC,

     Third-Party Plaintiff,

v.

MOVICONTRACTORS, LLC,

     Third-Party Defendant.

## **OPINION AND ORDER**

Before the Court is Plaintiff/Counter-Defendant Rellim Contracting LLC's motion to dismiss Defendant/Counter-Plaintiff Kinsale Insurance Company's counterclaim. (Doc. 21).  Kinsale responded. (Doc. 23).  For the below reasons, the Court denies the motion.

This is an insurance dispute.  In April 2023, Kinsale issued a Commercial General Liability Policy ("Policy") to Rellim.  The Policy provided

coverage for property damage for defined "occurrence[s]" through April 28, 2024.  (Doc. 6 ¶ 6).  The Policy includes a "voluntary payments" provision, which provides that "[n]o insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation or incur any expense, other than for first aid, without [insurer's] consent."  (Doc. 13-1 at 17).  The Policy also includes provisions which eliminate or restrict coverage for certain types of claims, including property damage and roofing.  (Doc. 13-2 at 6–9).

Olympus Insurance Company hired Rellim to repair roof damage at a residence in Cape Coral, Florida ("Property").  In August 2023, Rellim sustained a loss arising from those roofing repairs performed by its subcontractor, Movicontractors, LLC.[1]  Rellim reported this loss to Kinsale on or about November 1, 2023.  Kinsale sent a formal letter to Rellim acknowledging the claim on February 19, 2024.  In its letter, Kinsale said its coverage determination "is based on the facts presented to date" and "reserve[d] the right to review and/or consider any additional facts, claims, lawsuits or amendments to the lawsuit and to make a separate determination" regarding coverage.  (Doc. 13 ¶ 21).  Kinsale asked Rellim to provide additional documentation, including Rellim's subcontract with Movicontractors, the denial letter from Movicontractors' insurance carrier, estimates for the alleged

---

[1] Rellim brings a third-party complaint against Movicontractors.  (Doc. 37).

repair cost, and photos of the damage to the Property. (*See id.* ¶ 22). Rellim allegedly failed to provide these documents and instead made payments to Olympus without Kinsale's consent.[2] Rellim sent a letter to Kinsale on March 31, 2025, requesting coverage for the payments made to Olympus. In July 2025, Rellim sent Kinsale another letter regarding the request for coverage. To date Kinsale has not issued any payments to Rellim for its loss.

Rellim filed a complaint against Kinsale on October 10, 2025, for breach of contract and declaratory relief. (Doc. 6). On December 1, 2025, Kinsale filed its answer and counterclaim to Rellim's complaint.[3] (Doc. 13). Kinsale brings a counterclaim for declaratory relief under 28 U.S.C. § 2201. Kinsale alleges that Rellim failed to comply with the Policy's Notice, Cooperation, and Voluntary Payments Provisions because Kinsale received no opportunity to investigate the claims, participate in the negotiations, or approve the payments to Olympus. Rellim moves to dismiss Kinsale's counterclaim as unripe and for failure to state a claim.

## Legal Standard

A declaratory judgment action requires "the existence of an 'actual controversy' between the parties, a term which holds the same meaning as the

---

[2] Kinsale alleges Rellim also made payments to a company called "Advanced Drying Systems" for water and mold mitigation. (Doc. 12 ¶ 24).
[3] Kinsale removed this case to federal court based on diversity jurisdiction. (Doc. 1).

cases and controversies requirement of Article III to the United States Constitution." *Blitz Telecom Consulting, LLC v. Peerless Network, Inc.*, 151 F. Supp. 3d 1294, 1302 (M.D. Fla. 2015) (citation omitted).

A motion to dismiss a counterclaim under Federal Rule of Civil Procedure 12(b)(6) "is evaluated in the same manner as a motion to dismiss a complaint." *Whitney Info. Network, Inc. v. Gagnon*, 353 F. Supp. 2d 1208, 1210 (M.D. Fla. 2005) (citation omitted). When considering a Rule 12(b)(6) motion, the reviewing court must accept all factual allegations in the counterclaim as true and view them in a light most favorable to the plaintiff. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This preferential standard of review, however, does not permit all pleadings adorned with facts to survive the next stage of litigation. A district court should dismiss a claim where a party fails to plead facts that make the claim facially plausible. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## Analysis

Rellim argues that Kinsale's counterclaim is unripe because the Court has not issued an order regarding whether coverage for the disputed claims is required. (Doc. 21 at 9, 10). Legion are the cases that contradict this argument. *See, e.g., Stabil Concrete Pavers, LLC v. Allied Prop. & Cas. Ins. Co.*, No. 8:25-CV-106-MSS-AEP, 2025 WL 2652897, at *2 (M.D. Fla. Sept. 16, 2025) ("A claim for breach of contract is not premature simply because a

coverage determination has not yet been made.") (collecting authority). "Indeed, courts necessarily resolve questions over the applicability of a contract in the context of a claim for breach of contract." *Id.* (citing *Kelly v. Walt Disney Parks & Resorts, Inc.*, No. 6:22-cv-1919-RBD-DCI, 2023 WL 5804197, at *2 (M.D. Fla. Aug. 23, 2023)).

Rellim created a live controversy by suing Kinsale for breach of contract, asking for payments to cover its settlement with Olympus. Kinsale responded by seeking declaratory relief that Rellim breached the Policy's Notice, Cooperation, and Voluntary Payments provisions. Rellim's argument fails because Kinsale's counterclaim "involves the same dispute as [Rellim's] claim; namely, whether [Kinsale] had a duty to indemnify." *Allstate Ins. Co. v. Levesque*, No. 8:08-cv-2253-T-EAJ, 2010 WL 11483202, at *1 (M.D. Fla. Sept. 24, 2010) (holding that counterclaim was not premature when it involved a dispute between an insurer and the insured over duty to indemnify and breach of contract); *see also Holmes v. GEICO Indem. Co.*, No. 3:12-cv-271, 2012 WL 12902911, at *4 (M.D. Fla. Nov. 5, 2012) (finding the defendant's ripeness argument "warrant[ed] little discussion" because "whether the Policy was in effect and provided coverage for the [underlying litigation was] precisely the issue to be resolved in the breach of contract claim").

Moreover, the declaratory relief Kinsale seeks is not "ambiguous or hypothetical." *500 La Peninsula Condo. Ass'n, Inc. v. Landmark Am. Ins. Co.*,

5

No. 220CV767FTM38NPM, 2020 WL 6273699, at \*1 (M.D. Fla. Oct. 26, 2020). Rather, the relief Kinsale seeks is intimately related to the claim Rellim brings. So Kinsale's counterclaim presents a ripe controversy for adjudication.

Rellim also argues that Kinsale fails to "identif[y] any particular language in the policy that requires Court clarification or construction." (Doc. 21 at 5). Hardly. Kinsale's counterclaim includes allegations regarding the Policy's Voluntary Payment, Notice, and Cooperation provisions. (*See* Doc. 13 ¶¶ 8–10, 29, 30). In Kinsale's view, these provisions, properly construed, absolve it of any obligation to cover Rellim's settlement with Olympus. Therefore, Kinsale satisfies its requirements at the pleading stage to provide "a short and plain statement of the claim showing that the pleader is entitled to relief."[4] Fed. R. Civ. P. 8(a)(2); *see also Levesque*, 2010 WL 11483202, at \*2 (finding counterclaim "contains sufficient factual allegations regarding . . . a breach [of contract]" such that it was ripe).

Rellim finally argues Kinsale cannot rely on "extrinsic evidence" regarding Rellim's voluntary payments in the counterclaim because the "underlying complaint" by Rellim does not allege facts showing it breached the

---

[4] Rellim cites the Court's decision in *Golfview Motel, Inc. v. Scottsdale Ins. Co.*, No. 220CV831FTM38NPM, 2020 WL 7127127 (M.D. Fla. Dec. 4, 2020) to argue Kinsale's counterclaim should be dismissed. Rellim's reliance on this case is, at best, misplaced. In that case, the same party brought the breach of contract and declaratory judgment claims. Moreover, the plaintiff failed to identify a contractual provision in need of clarification. Kinsale, an adverse party, brings the declaratory action here and identifies specific contractual provisions. So *Golfview Motel, Inc.* is distinguishable.

voluntary payment provisions. (Doc. 21 at 7). To make this argument, Rellim relies on the "eight corners rule," which generally requires that an insurer's duty to defend be determined solely on "the four corners of the insurance policy and the four corners of the underlying complaint." *Addison Ins. Co. v. 4000 Island Blvd. Condo. Ass'n, Inc.*, 721 F. App'x 847, 854 (11th Cir. 2017).

Rellim's argument regarding the eight corners rule is incorrect. Rellim fails to explain how the rule applies where a litigant disputes a duty to indemnify by filing a counterclaim. And Rellim fails to cite any cases applying the eight corners rule to preclude a counterclaim for declaratory relief in these circumstances. This is telling. There is ample precedent allowing insurers to defend breach of contract suits by invoking voluntary payment provisions in counterclaims.[5] *See, e.g.*, *Davis v. Great N. Ins. Co.*, No. 23-10137, 2024 WL 2815135, at *8 (11th Cir. June 3, 2024) (finding voluntary payment provision precluded coverage where insured made payments without insurer's consent); *Rolyn Cos. v. R & J Sales of Tex., Inc.*, 412 Fed. Appx. 252, 254 (11th Cir. 2011) (same). The Court rejects Rellim's eight corners rule argument as well.

---

[5] In any event, Rellim's position makes no sense. Plaintiffs in an underlying action would rarely, if ever, have knowledge or incentive to allege the defendant's internal dealings with its insurer. Nor does it make sense for Rellim to negate Kinsale's counterclaim by failing to allege whether Kinsale consented to Rellim's settlement with Olympus. So the notion that under the eight corners rule Rellim must make allegations regarding voluntary payments for an Kinsale to allege such facts in a counterclaim is preposterous.

In sum, the Court denies Rellim's motion to dismiss Kinsale's counterclaim.

Accordingly, it is now

**ORDERED:**

Plaintiff/Counterclaim-Defendant Rellim Contracting LLC's Motion to Dismiss Counterclaim (Doc. 21) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on April 1, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record